UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MANUEL FILLOY § | |
| § | |
| v. § | Civil Action No. <u>4:21-cv-2852</u> |
| § | |
| EMMERT INDUSTRIAL CORP D/B/A § | |
| EMMERT INTERNATIONAL § | *Jury Requested* |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Manuel Filloy, Plaintiff and files this Plaintiff's Original Complaint against Emmert Industrial Corp. d/b/a Emmert International, Defendant, and would respectfully show as follows:

### I.
### PARTIES

1.1   Plaintiff is an individual residing in Harris County, Texas.

1.2   Defendant, Emmert Industrial Corp d/b/a Emmert International (herein after referred to as Emmert International), is a corporation formed in and under the laws of the State of Oregon, may be served with process by serving its Registered Agent, Christopher Ward, 901 Main St., Suite 4400 Dallas, Texas 75202. Service of summons (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

### II.
### JURISDICTION AND VENUE

2.1   The court has jurisdiction over this lawsuit under 28 U.S.C. § 1332 because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or

omissions giving rise to this claim occurred in this district.

### III.
### FACTUAL BACKGROUND

3.1     This case arises out of an automobile accident, which occurred in Harris County, Texas on or about August 14, 2021.  On that date, Plaintiff Manuel Filloy was were traveling home when he noticed a red Dodge Pickup Truck with an ID #1296 and Oregon license plate no. 669-CWO owned by Emmert Industrial Corp. d/b/a Emmert International that was swerving all over traffic lanes.  The unidentified driver and employee of Emmert Industrial Corp. d/b/a Emmert International proceeded to stick his head out of the window to yell at Plaintiff and throwing the finger.  The unidentified driver then slowed his truck to get directly behind Plaintiff and then struck Plaintiff's vehicle from behind at the 1500 block of Fry Rd.  Defendant Emmert Industrial Corp. d/b/a Emmert International's driver fled the scene. As a result of the accident Plaintiff sustained serious injuries.

### IV.
### CAUSES OF ACTION

**A.  NEGLIGENCE OF EMMERT INDUSTRIAL CORP. D/B/A EMMERT INTERNATIONAL DRIVER**

4.1     Defendant, Emmert International driver had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

4.2     Plaintiff's injuries were proximately caused by Defendant Emmert International's employee's negligent, careless and reckless disregard of said duty.

4.3     The negligent, careless and reckless disregard of duty of Defendant's employee consisted of, but is not limited to, the following acts and omissions:

> 1.     In that the Emmert International driver failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar

circumstances;

2. In that the Emmert International driver failed to warn the Plaintiff of any impending accident;

3. In driving his vehicle in a rate of speed that was greater than that which an ordinary prudent person would have driven under the same or similar circumstances;

4. Imperiling other motorists by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

5. In driving a vehicle in willful or wanton disregard for the safety of persons;

6. In failing to control and bring his vehicle to a stop to avoid the collision as would have been done by a reasonable and prudent person under the same or similar circumstances; and

7. In failing to stop and render aid.

### B. NEGLIGENCE *PER SE* OF EMMERT INTERNATIONAL DRIVER

4.4 The allegations alleged in the above paragraphs are re-alleged and are incorporated herein by reference.

4.5 The collision described above, and the resulting injuries and damages suffered by Plaintiff, was proximately caused by the negligent *per se* conduct of the Emmert International Driver in one or more of the following respects:

1. Imperiling other motorists by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances, in violation of Texas Transportation Code § 542.301;

2. In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of Texas Transportation Code § 545.401;

3. In failing to bring his vehicle to a stop to avoid the collision as would have been done by a reasonable and prudent person under; the same or similar circumstances violation of Texas Transportation Code § 544.003;

    4.    In failing to control his speed in violation of Texas Transportation Code § 545.351(b)(1);

    5.    In failing to stop and render aid in violation of Texas Transportation Code § 550.0211.

4.6    The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se.*

4.7    Defendant Emmert International driver committed acts of omission and commission that collectively and severally constituted negligence and were a proximate cause of Plaintiff's injuries and damages.

### C. NEGLIGENCE OF EMMERT INTERNATIONAL

4.8    Emmert International driver was an employee of Defendant Emmert International and was acting within the course and scope of that employment at the time of the accident. As such, Defendant Emmert International is directly liable for the wrongful acts or omissions of their driver.

4.9    Defendant Emmert International had a duty to exercise reasonable care in the management and operation of its commercial trucks.

4.10    Additionally, Defendant Emmert International had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and is liable for any and all damages that resulted from the negligence in its hiring, training retaining, or supervision of its employees.

4.11    Defendant Emmert International committed acts of omission and commission that collectively and severally constituted negligence. Defendant's wrongful conduct and negligence were the proximate cause of the incident and the injuries and damages sustained by the Plaintiffs.

4.12    Defendant Emmert International is further negligent for, but not limited to, the following:

1. Failing to use ordinary care in the hiring of its employees;
2. Failure to use ordinary care in exercising whatever control it retains over an employee, independent contractor or subcontractor;
3. Failure to use ordinary care in supervising its employees;
4. Failure to use ordinary care in retaining its employees;
5. Failure to use ordinary care in training its employees;
6. Failure to use reasonable care in formulating the policies and procedures that govern its employees; and
7. Failure to exercise reasonable care in the selection of employees and to periodically monitor and review the employee's competence.

4.13    Failure to exercise reasonable care by and through its employee who was operating a vehicle on the occasion in question at a speed that was unreasonably prudent and safe.

4.14    As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendant Emmert International, Plaintiff suffered serious injuries requiring substantial costs and expenses; past, present and future loss of enjoyment of life; past, present and future emotional distress; past, present and future pain and suffering; past, present and future loss of household services; all in an amount not presently determinable, for which they seek relief pursuant to Texas State laws.

### D. NEGLIGENCE *PER SE* OF EMMERT INTERNATIONAL

4.15    The allegations alleged in the above paragraphs are re-alleged and are incorporated herein by reference.

4.16 The following acts and/or omissions of Defendant constitutes negligence *per se* by Defendant Emmert International, jointly and severally, by and through their agents, servants and/or employees acting in the course and scope of employment:

1. Imperiling other motorists by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances, in violation of Texas Transportation Code § 542.301;

2. In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of Texas Transportation Code § 545.401;

3. In failing to bring his vehicle to a stop to avoid the collision as would have been done by a reasonable and prudent person under the same or similar circumstances violation of Texas Transportation Code § 544.003;

4. In failing to control his speed in violation of Texas Transportation Code § 545.351(b)(1); and

5. In failing to stop and render aid in violation of Texas Transportation Code §550.0211.

4.17 The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se*.

4.18 Defendant Emmert International committed acts of omission and commission that collectively and severally constituted negligence and were a proximate cause of Plaintiffs' injuries and damages.

## V.
### NEGLIGENT ENTRUSTMENT

5.1 Defendant Emmert International is also liable for Plaintiff's injuries and damages under the theory of negligent entrustment. Defendant Emmert International was the owner of the vehicle driven by their employee at the time of the collision in question.

5.2    Defendant Emmert International entrusted the vehicle to their employee, on the date in question. At the time of the entrustment, their employee, was an incompetent and/or reckless driver. Defendant Emmert International knew or should have known that their employee was an incompetent and/or reckless driver. Defendant Emmert International was negligent on the occasion in question.

## VI.
## RESPONDEAT SUPERIOR

6.1    The driver for Defendant Emmert International is alleged at all times of the events described in the petition to be an employee, agent, representative and/or servant of Defendant Emmert International and are therefore liable for their driver's acts and omissions under the doctrine of *respondeat superior*. Alternatively, Defendant Emmert International is responsible for the acts or omissions and/or *per se* negligent acts or omissions of their employees, under 49 C.F.R. 1057 and/or other laws.

6.2    Plaintiff alleges that Defendant Emmert International was negligent and that such negligence was a proximate cause of the accident. Such negligence includes, but is not limited to, failure to supervise, failure to properly train its drivers and failure to establish an adequate safety driving program.

## VII.
## DAMAGES CLAIMS OF MANUEL FILLOY

7.1    Plaintiff incorporates by reference the allegations set forth above. Plaintiff has suffered personal injuries all of which are a result of the automobile collision made the basis of this lawsuit.

7.2    Plaintiff sustained severe and permanent physical, mental, and emotional injuries as well as economic losses. As such, Plaintiff seeks the following damages:

1. <u>Medical Expenses</u>:  Plaintiffs has suffered severe and permanent bodily injuries. Plaintiff has incurred significant medical expenses in connection

     with said injuries and in all reasonable medical probability will incur significant future medical expenses for the remainder of his life.

2. <u>Physical Pain</u>:  Plaintiff has endured significant physical pain in the past and will endure pain in the future.

3. <u>Mental Anguish</u>:  Plaintiff has endured tremendous mental anguish in the past and will endure mental anguish in the future.

4. <u>Impairment</u>:  Plaintiff has suffered traumatic physical and mental impairment in the past and will continue to suffer the effects into the future and likely for the remainder of his life.

5. <u>Disfigurement</u>:  Plaintiff has suffered disfigurement in the past and will suffer from disfigurement in the future.

6. <u>Lost Wages:</u>  Plaintiff has suffered lost wages in the past and will suffer from lost wages in the future.

7. <u>Pecuniary Loss</u>: Plaintiff has suffered pecuniary loss in the past and will in all probability, be incurred in the future.

## VIII.
## JURISDICTIONAL AMOUNT

    8.1    By reason of the facts alleged herein, the Plaintiff has been made to suffer and sustain injuries and damages at the hands of this Defendant in excess of the minimum jurisdictional limits of this court and in an amount to" be determined by the jury in this case and as the evidence may show proper at the time of the trial.

## IX.
## ATTORNEY FEES & COSTS

    9.1    Plaintiff is entitled to an award of attorney fees and costs under FRCP 54(d).

## X.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

    10.1    Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## XI.

## DEMAND FOR JURY TRIAL

11.1    Plaintiff respectfully designates the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002 as the place for trial to commence in this case. Furthermore, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket.

## XII.
## CONDITIONS PRECEDENT

12.1    All conditions precedent to Plaintiff's right to recover herein and to Defendant's liability have been performed or have occurred.

## PRAYER

WHEREFORE, Plaintiff prays that this case be set for trial before a jury, that he may recover a judgment of and from the Defendant, for the actual damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, costs of court, and such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,

*/s/ Gregory L. Gowan*
Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Ste 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001
ggowan@glawfirm.com